& Co., for damages. From a judgment for plaintiff for $366.92, defendant brings error.

KRUSE & PEDEN and R. C. MERRICK, for plaintiff in error.

CHARLES J. HERMAN, for defendant in error; DOUGLAS C. GREGG, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1414*—*when finding of court will not be sustained.* In an action for damages caused by the failure of a defendant to deliver certain eggs according to quality, *held* that the controlling question of fact was whether defendant's salesman substituted different eggs for those actually purchased by plaintiff, and the evidence being conflicting such finding was not unwarranted.

2. DAMAGES, § 179*—*what is proper evidence of damage.* In an action for damages caused by the failure to deliver eggs to plaintiff according to quality, evidence of a witness interpreting the report of an inspection of the eggs by an employe of the Chicago Butter and Egg Board was incompetent, but harmless, when the report verified the witness' statements.

---

William Buhs, Plaintiff in Error, v. William B. Austin, Defendant in Error.

Gen. No. 18,273.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 15, 1913.

## Statement of the Case.

Action by William Buhs against William B. Austin to recover certain rents collected by the latter. From a judgment for defendant, plaintiff brings error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

RATHJE & WESEMANN, for plaintiff in error.

JOHN A. SWANSON and AARON HEIMS, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. MORTGAGES, § 738*—*when owner of equity of redemption is entitled to rent.* While an owner of an equity of redemption is entitled to the rents and profits accruing from the premises during the redemption period, such rents cannot be recovered by him from an assignee, when applied to the payment of expenses incurred in the management of the premises, as authorized by the instrument assigning the rent.

2. ASSUMPSIT, ACTION OF, § 1*—*what is nature of action of assumpsit.* The action of *assumpsit* for money had and received is equitable in its nature and lies to recover money which in equity and good conscience the defendant ought to refund. Such a recovery would not be equitable where a defendant assignee of rents has expended the money collected for necessary repairs to permit a plaintiff to realize a profit upon his property.

## M. Cohen, Defendant in Error, v. Joe Davis, Plaintiff in Error.

### Gen. No. 18,279.

JUDGMENTS, § 106*—*when default is proper.* Under Municipal Court rule 17, as to filing an affidavit of merits, a judgment by default is properly rendered against a defendant upon his failure to file a sufficient affidavit of merits.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 15, 1913.